NOT DESIGNATED FOR PUBLICATION

No. 113,166

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

COSHAWN D. HAMILTON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; WESLEY K. GRIFFIN, judge. Opinion filed December 4, 2015. Vacated and remanded with instructions.

*Corrine E. Gunning*, of Kansas Appellate Defender Office, for appellant.

*Ethan Zipf-Sigler*, assistant district attorney, *Jerome A. Gorman*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BUSER, P.J., LEBEN and BRUNS, JJ.

*Per Curiam*:  Coshawn D. Hamilton appeals his sentence, arguing that the district court erred by denying his motion to withdraw plea prior to sentencing. Although the State originally charged Hamilton with possession of methamphetamine and possession of a controlled substance without a tax stamp, he ultimately pled guilty to possession of methamphetamine pursuant to a plea agreement in which the State agreed to dismiss the second charge. As part of the plea agreement, Hamilton also agreed not to seek a downward departure. Interestingly, Hamilton desires to withdraw his plea to one charge so he can plead guilty to both counts. Evidently, he wishes to file a motion for a

1

downward departure because his criminal history is higher than he had anticipated when he entered his plea.

Although we do not take a position on the underlying merits—or lack thereof—of Hamilton's motion to withdraw, we conclude that remand is necessary because we cannot find any mention of a "good cause" analysis in the record. Likewise, we cannot locate any discussion of the *Edgar* factors. Since we reverse and remand this case so that the district court may consider whether Hamilton established good cause, it is unnecessary for us to reach his *Apprendi* challenge.

FACTS

On March 13, 2014, the State charged Hamilton with one count of possession of methamphetamine—a level 5 nonperson drug felony—and one count of possession of a controlled substance without a tax stamp—a level 10 nonperson felony. Pursuant to a plea agreement, Hamilton pled guilty to possession of methamphetamine, and in exchange for his plea, the State agreed to dismiss the second count. The State also agreed to recommend the "mitigated term per grid" with "no departures" at sentencing.

During the plea hearing on June 25, 2014, the district court asked Hamilton, "You also indicate, on page two, paragraph nine, that you do understand that the maximum punishment for this offense—maximum again—is forty-two months imprisonment and a fine of $100,000. Is that correct?"—to which Hamilton responded, "Yes sir." At the conclusion of the plea hearing, the district court found that Hamilton voluntarily, knowingly, and understandingly entered his guilty plea.

A presentence investigation report was submitted to the district court, indicating that Hamilton's criminal history score was "A." During the sentencing hearing on August 29, 2014, Hamilton's attorney stated that neither he nor Hamilton realized that Hamilton's

2

criminal history score would be so high. As such, the district court granted Hamilton's request for a continuance of the sentencing hearing so that he could file a motion to withdraw plea.

On September 9, 2014, Hamilton filed a motion to withdraw plea, arguing that he "did not understand the consequences of pleading guilty to the possession of Meth charge." He also stated that he wished to withdraw his plea so that he could "plea[d] guilty as charged and file his motion for a dispositional departure." At the hearing on the motion to withdraw plea, Hamilton's attorney stated that when he met with his client to discuss the plea agreement, Hamilton told him that he did not have a criminal history. Evidently, Hamilton's attorney was not aware of his client's juvenile record. As a result, he believed Hamilton's criminal history would be "I." Moreover, after reviewing the presentence investigation report, Hamilton evidently told his attorney that he believed his "juvenile history would not be used against him" in this case.

After hearing the arguments presented by Hamilton's attorney and the State's attorney, the district court denied Hamilton's motion to withdraw his plea. In doing so, the district court noted that Hamilton's request was unusual because he was not claiming to be innocent and wanted to plead guilty to an additional charge in order to be relieved from his agreement not to seek a downward departure. Further, the district court reasoned that the terms of the plea agreement clearly stated the maximum punishment. It also stated that there had been a lengthy discussion at the plea hearing regarding the maximum sentence, the fact the court was not bound by the terms of the agreement, and the waiver of his constitutional rights. The district court also noted that Hamilton indicated that he had understood the terms of the plea agreement and understood the rights he was waiving before it accepted the plea.

Ultimately, the district court sentenced Hamilton to serve a presumptive 37-month mitigated prison term along with 12 months of postrelease supervision. Thereafter, Hamilton appealed his sentence to this court.

ANALYSIS

Hamilton contends on appeal that the district court erred by denying his motion to withdraw plea. Specifically, he argues that the district court failed to apply a "good cause" standard and neglected to consider the *Edgar* factors. Because K.S.A. 2014 Supp. 22-3210(d)(1) permits defendants to withdraw their plea before sentencing upon a showing of "good cause," we review an order denying a motion to withdraw plea under an abuse of discretion standard. *State v. Freeman*, 292 Kan. 24, 27-28, 253 P.3d 1 (2011). A district court abuses its discretion when its decision is (1) arbitrary, fanciful, or unreasonable, (2) based on an error of law, or (3) founded on an error of fact. *State v. Waller*, 299 Kan. 707, 722, 328 P.3d 1111 (2014).

Kansas courts are to analyze what constitutes "good cause" to withdraw a plea using what are commonly referred to as the *Edgar* factors: (1) whether the defendant was represented by competent counsel; (2) whether the defendant was misled, coerced, mistreated, or unfairly taken advantage of; and (3) whether the defendant fairly and understandingly made the plea. *State v. Edgar*, 281 Kan. 30, 36, 127 P.3d 986 (2006). "In addition, district courts may consider other relevant factors in order not to 'distort the concept of good cause.'" *State v. Glover*, 50 Kan. App. 2d 991, 996, 336 P.3d 875 (2014), *rev. denied* 302 Kan. ___ (July 24, 2015) (quoting *State v. Macias-Medina*, 293 Kan. 833, 837, 268 P.3d 1201 [2012]).

The Kansas Supreme Court has found that a district court abuses its discretion when it fails to consider the *Edgar* factors in its determination of whether "good cause" existed to withdraw a plea prior to sentencing. See *Freeman*, 292 Kan. at 29; *State v.*

4

*Schow*, 287 Kan. 529, 546, 197 P.3d 825 (2008). Moreover, in *Freeman*, the court held this is true even though a defendant fails to argue the specific factors before the district court. *Freeman*, 292 Kan. at 26, 29. Although this court has found that a district court is not required to make an express finding on the record for each *Edgar* factor, it is impossible to tell from the record in the present case whether or not they were considered. See *State v. Stensland*, No. 106,652, 2012 WL 3966550, at *3 (Kan. App. 2012) (unpublished opinion), *rev. denied* 297 Kan. 1255 (2013).

In light of the above, we must vacate both the district court's ruling on Hamilton's motion to withdraw plea and his sentence. Furthermore, we instruct the district court to reconsider its previous ruling on the motion to withdraw plea by applying a "good cause" standard as well as the *Edgar* factors. Finally, because we reverse the district court's decision, we do not address Hamilton's *Apprendi* challenge.

Vacated and remanded with instructions.